UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED STONE,

    Plaintiff,

v.                                                    Case No. 15-11369

SABRINA QUALITY TYPING SERVICE,

    Defendant.
                                             /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Plaintiff Alfred Stone initiated this *pro se* action seeking damages against Sabrina Quality Typing Service. On April 16, 2015, Plaintiff filed an application to proceed *in forma pauperis*, which the court will grant. See 28 U.S.C. § 1915(a)(1). However, the court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

**I. STANDARD**

Plaintiff will be granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff may establish that the court has jurisdiction over this action in one of two ways. First,

Plaintiff may bring the action pursuant to a "law of the United States," within the meaning of 28 U.S.C. § 1331.  In order to satisfy § 1331, Plaintiff must specify which federal law, constitutional provision, or treaty Defendants are alleged to have violated. Plaintiff may also establish the court's jurisdiction by alleging diversity of citizenship pursuant to 28 U.S.C. § 1332.

Here, Plaintiff alleges jurisdiction through § 1331.  He purportedly brings his action under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA") and asserts three causes of action: (1) Violation of the Texas Deceptive Trade Practices Act; (2) Negligent Misrepresentation; and (3) "Fraud on Fraudulent Misrepresentation."  Plaintiff's complaint must be dismissed for several reasons.

First, a claim under the FTCA may only be asserted against the United States of America. 28 U.S.C. § 2674; *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985).  Here, Plaintiff did not name the United States as a party to this action, nor does he assert that Defendant is a government agent.   Indeed, it is unclear from the nearly indecipherable complaint who precisely Defendant is.  It appears that Plaintiff entered into some kind of "letter agreement" with Defendant for typing services, and Plaintiff is dissatisfied with the quality of those services.  It is difficult for the court to imagine how this states a federal cause of action, under the FTCA or any federal statute, and this court is not required to conjure up allegations not pleaded or guess at the nature of an argument. *Brown v. Wal–Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Moreover, even if Plaintiff had properly asserted a claim under the FTCA, Plaintiff's complaint is further deficient.  Before Plaintiff can proceed on an FTCA claim in federal court, he must first present an administrative claim to the appropriate federal agency for administrative settlement within two years of its accrual, 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106,111 (1993).  Then, if the agency denies the claim, the claimant must then commence an action in federal court within six months of the agency's denial of the claim. See 28 U.S.C. § 2401(b).  The FTCA is a limited waiver of sovereign immunity which permits an action against the United States for wrongful acts committed by its employees during the course of their employment, and is the exclusive remedy for such acts or omissions. 28 U.S.C. § 2679; *Fitch v. United States*, 513 F.2d 1013, 1015 (6th Cir. 1975).  Timely and complete exhaustion is required before an FTCA claimant can file in federal court. *See* 28 U.S.C. § 2401; 28 U.S.C. § 2675(a); *McNe*il, 608 U.S. at 113.  Plaintiff makes no allegation that he complied with the required exhaustion procedures under the FTCA. *Taylor v. United States*, 161 F. App'x 483, 486 (6th Cir. 2005); *Wilson v. United States*,  93 F. App'x 53, 54  (6th Cir. 2004).

Accordingly, the court finds that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, as he has failed to properly identify a federal cause of action under the FTCA and, even if he had so alleged, his claim would nonetheless require dismissal for lack of exhaustion and failure to state a claim.

## III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 42 U.S.C. § 1915(e)(2).

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: June 30, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 30, 2015, by electronic and/or ordinary mail.

                                          s/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\15-11369.STONE.1915.FTCA.wpd

5